UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEVADA DEPARTMENT OF CORRECTIONS, | )<br>)<br>) |
| Plaintiff, | )    03:07-CV-00266-LRH-RAM<br>) |
| v. | )    ORDER<br>) |
| RUSSELL COHEN, | )<br>) |
| Defendant. | )<br>) |

      Presently before the court is a Motion to Intervene (# 63[1]) filed by Travers A. Greene ("Greene") and Paul Browning ("Browning"). The Nevada Department of Corrections ("NDOC") has filed a response (# 66), and Proposed Intervenors replied (# 69).

**I. Factual Background**

      This is an action for declaratory relief stating that NDOC has a legal right to declare typewriters unauthorized property and ban the possession of inmate-owned typewriters. On March 17, 2007, NDOC officials banned the possession of typewriters by inmates at Ely State Prison in response to an incident in which a part of a typewriter was used by an inmate as a weapon. On May 15, 2007, NDOC officials banned the possession of typewriters by all inmates under the supervision of NDOC.

---

[1] Refers to the court's docket number.

On July 5, 2007, inmate Jimmy Earl Downs ("Downs") sought leave to intervene. The court granted Downs's motion on September 24, 2007. On November 16, 2007, inmate Michael Angelo Drake ("Drake") filed a motion to intervene. The court denied Drake's motion on January 30, 2008, finding that his interests were adequately represented. Greene and Browning filed the present motion on February 29, 2008.

**II. Discussion**

Rule 24(a) of the Federal Rules of Civil Procedure provides as follows:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

In this case, Greene and Browning seek to intervene in this case arguing that Cohen is not capable of adequately representing their interests. Greene and Browning specifically argue that they wish to raise the argument of whether the ban on type writers was in retaliation for inmates' exercise of their First Amendment rights. Finally, Greene and Browning argue that they wish to raise the issue of whether NDOC's actions violate the Fifth Amendment. NDOC opposes the motion by arguing Greene and Browning cannot show that their interests are not being adequately represented.

Three factors are considered in determining whether a party's interests are adequately

1 | represented:

2 | (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?

*Blake v. Pallan*, 554 F.2d 947, 954-55 (9th Cir. 1977). Although Greene and Browning have interests similar, if not identical, to those of Downs and Cohen, Greene and Browning have identified arguments they wish to raise that have not been previously presented to the court. In identifying these arguments, Greene and Browning have shown that the current pro se parties to this suit are unable or unwilling to make such arguments. Thus, the court finds that Greene and Browning have met their burden of demonstrating a right to intervene. Allowing Greene and Browning to intervene in this action will help ensure their interests are protected and that the court entertains all valid challenges to NDOC's typewriter ban.[2]

IT IS THEREFORE ORDERED that Greene and Browning's Motion to Intervene (# 63) is hereby GRANTED.

IT IS SO ORDERED.

DATED this 8th day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] By permitting Greene and Browning to intervene, the court does not make any comment regarding the tenability of the arguments Greene and Browning wish to raise.

3